No. 57758.—August Bentkamp & Company and Rohner, Gehrig & Co., Inc. *v.* United States, protests 171953–K and 172274–K (New York).

OLIVER, Chief Judge: This case relates to merchandise, described on the invoices as "Metal-Chenille" and classified under paragraph 1513 of the Tariff Act of 1930, which, so far as pertinent, reads as follows:

\* \* \* garlands, festooning and Christmas tree decorations made wholly or in chief value of tinsel wire, lame or lahn, bullions or metal threads, \* \* \* 70 per centum ad valorem.

At the time of trial, Government counsel stated that the merchandise was classified "as Christmas tree decorations and we are proceeding under that theory," and added that "if the Court doesn't find it is Christmas tree decorations, it is still dutiable under the same paragraph as 'festooning.' " (R. 3.)

Plaintiffs' protests, as originally filed, and by valid amendments thereto, make two claims. It is alleged that the commodity in question is properly classifiable under that part of paragraph 385 of the Tariff Act of 1930, as amended by T. D. 51802, reading as follows:

Beltings and other articles made wholly or in chief value of tinsel wire, metal thread, lame or lahn, or of tinsel wire, lame or lahn and india rubber, bullions, or metal threads, not specially provided for, 15% ad val.

There is an alternative claim by plaintiffs alleging that the merchandise is dutiable at the rate of 25 per centum ad valorem under paragraph 397 of the Tariff Act of 1930, as amended by T. D. 51802, which rate applies to a provision for "Articles or wares not specially provided for, whether partly or wholly manufactured \* \* \* plated with silver on nickel silver or copper, but not in chief value of silver."

Both parties introduced the testimony of two witnesses, and each side offered certain exhibits. Both of plaintiffs' witnesses are associated with the importing company whose business is "manufacturing artificial flowers, importing artificial flowers and manufacturing fancy feathers." The combined testimony of the two witnesses—the main partner of the firm and a salesman who has been associated with the company for 40 years—supports the following summary.

The merchandise in question is imported in lengths of 36 yards. A piece, clipped from the shipment under consideration, measures approximately 10¾ inches in length (plaintiffs' exhibit 1). It appears to be what is ordinarily recognized as tinsel that is used generally around Christmas time for decorative purposes, either on Christmas trees or in stores.

This tinsel, a term that is synonymous with the words "lame" and "lahn," is produced from sheets of copper that are silver plated through processing in a chemical bath. The silver-plated, copper sheets are cut into thin strips that are ultimately put through a so-called "chenille machine," which twists the tinsel around two copper wires that form the core of the imported merchandise. The chenille machine, in the course of its operation, employs knives and shears that move in different directions, shaping the finished merchandise and giving it the scalloped effect. There is some testimony to the effect that the wire core is essential to the use made by the importer herein of this merchandise. In that connection, the testimony shows that throughout the period of 3 years in which the importer has handled merchandise like that under consideration, it has been used entirely in the manufacture of artificial flower decorations such as plaintiffs' exhibit 2, wherein 3 small pieces (not longer than 2 inches) of the imported product are arranged as a spray with 3 artificial flowers and artificial leaves.

Defendant's first witness was the vice president of the National Tinsel Manufacturing Co., "manufacturers of Christmas tree decorations, Christmas decorations, gift tying cartons and wrappers, along with the manufacture of fine wires." He testified that his company has been manufacturing merchandise, similar to the imported product under consideration, for 35 years, and he supplied two samples of his goods; one, consisting of several yards of tinsel in a continuous length (defendant's illustrative exhibit C), and the other, 2 tinsel articles in the form of a star, having a small colored ornament in the center with a spring at the bottom (defendant's collective illustrative exhibit B). Each of those exhibits, like the merchandise under consideration, is made with a metal core. In fact, the witness stated that such merchandise was always made with a wire core and never with the use of cord or thread, alone. Plaintiffs' witnesses had previously identified both of defendant's exhibits as being substantially the same as the merchandise in question, containing a metal core and consisting of tinsel.

On the matter of use, defendant's witness testified that he had seen the running length of tinsel, illustrative exhibit C, *supra*, used for store decorations, and the star-shaped articles, collective illustrative exhibit B, *supra*, as Christmas tree ornaments "on top of Christmas trees." The witness stated further that he had never seen merchandise, like that under consideration, used as part of an artificial flower decoration.

Defendant's second witness testified that he has been employed for 36 years— originally as a production engineer and later as a salesman—with the Paper Novelties Manufacturing Co., "manufacturers of Christmas tree decorations and novelties." His testimony concerning the character of the merchandise in question and defendant's exhibits is corroborative of that offered by defendant's previous witness.

The weight of the testimony, coupled with the probative effect of the exhibits introduced by both parties, supports the collector's classification of the present merchandise under paragraph 1513, *supra*. The exclusive use of this particular merchandise as a spray to form part of an artificial decoration appears, on the basis of the present record, as an incidental use for this class of merchandise, employed by the importer herein, and, therefore, has minor significance toward a determination of the present issue. The testimony of the defendant's witnesses lends much support to the collector's action. The combined statements of the Government's two witnesses show that, over a long period of years, merchandise, substantially the same as that in question, has been used in festooning and for Christmas tree decorations. Both usages bring the tinsel in question squarely within said paragraph 1513, invoked by the collector.

The claims in the protests are overruled and judgment will be rendered accordingly.